UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRANDON L. JONES,<br><br>Plaintiff,<br><br>v.<br><br>MATA, SMITH #1636, G. SMITH, SHARP #1655, ESTERLINE #1553, CARTRIGHT, J. HARRIS, HARE, SMITH, and DAQUE,<br><br>Defendants. | CAUSE NO. 3:25cv897 DRL-SJF |

OPINION AND ORDER

Brandon L. Jones, a pretrial detainee without a lawyer who is held at the Allen County Jail, filed a second amended complaint against thirty-one named and five "unknown" defendants. ECF 11. He claims that the defendants violated his constitutional rights by scanning his face using biometric technology and by punishing him when he refused. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Jones alleges that from September 22, 2025 to April 18, 2026, numerous Allen County Jail officers repeatedly subjected him to facial biometric scans. The scans were conducted for roll calls, security checks, meal and commissary passes, and other routine matters at the jail. Mr. Jones complied for the first two weeks but then began refusing to be scanned, offering instead his bracelet as an alternative. According to Mr. Jones, on multiple occasions, his refusal resulted in various defendants punishing him by placing him on twenty-four-hour lockdowns during which he lost his visitation privileges, his access to the law library, and his ability to make phone calls and use a tablet. On several occasions, he was denied meal passes and was served sack lunches instead. Mr. Jones also lost access to commissary.

"The 'touchstone' of the Fourth Amendment analysis is whether a person has a 'constitutionally protected reasonable expectation of privacy.'" *Henry v. Hulett*, 969 F.3d 769, 776 (7th Cir. 2020) (quoting *Oliver v. United States*, 466 U.S. 170, 171 (1984)). "The Fourth Amendment does not protect every subjective expectation of privacy, but those expectations 'that society is prepared to recognize as "reasonable."'" *Id.* (quoting *Oliver*, 466 U.S. at 171. "As a pretrial detainee, Mr. Jones retains his Fourth Amendment rights against unreasonable searches and seizures. *Brown v. Polk Cnty.*, 965 F.3d 534, 537–38 (7th Cir. 2020). But the fact of his detention impacts what searches are reasonable under the Fourth Amendment. *Id.* Reasonableness is evaluated by "balancing 'the need for the particular search against the invasion of personal rights that the search entails.'" *Id.* at 538 (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). Relevant factors are "the scope of the

particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* (quoting *Bell*, 441 U.S. at 559).

As an initial matter, there is no controlling case law holding that a correctional officer violates a pretrial detainee's Fourth Amendment right against unreasonable searches by using facial recognition technology for the purpose of managing inmates and security at a jail. In fact, the court could find only one case on this subject directly, *Brooks v. Smith*, No. 2:25cv476, 2025 WL 3771237, 3 (N.D. Ind. Dec. 22, 2025). Incidentally, *Brooks* also originated in the Allen County Jail.

In *Brooks*, the plaintiff brought claims against two jail officers after his face was scanned twice using a biometric scanner. In light of the *Brown* factors, the court concluded that the scans did not violate the Fourth Amendment. *See Brooks*, 2025 WL 3771237 at 3. In reaching its decision, the court found it significant that the scans were taken at the jail as a security measure and were noninvasive:

> [T]he facial scans were conducted at the Allen County Jail for the purpose of identifying inmates during daily roll calls. The two scans [the plaintiff] describes were short in duration, likely only a few seconds. [The plaintiff] does not allege the scans were intrusive and he knew the facial recognition technology was being used as a security measure to identify and account for the inmates at the jail.

*Id.* (citing *Bell*, 441 U.S. at 547 ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.")).

*Brooks* also found *Alicea v. County of Cook*, 88 F. 4th 1209 (7th Cir. 2023), to be instructive:

> In *Alicea*, the United States Court of Appeals for the Seventh Circuit considered whether the use of cameras to record holding cell toilets in courthouses in Cook County, Illinois violated the Fourth Amendment privacy interests of pretrial detainees. The Court of Appeals held that pretrial detainees did not have a reasonable expectation of privacy when using holding cell toilets and found their privacy rights were substantially diminished. The Court of Appeals also acknowledged that the use of cameras was reasonable given the security risks.

*Id*. The court reasoned that the Allen County Jail officers' "use of facial recognition technology was far less intrusive than the use of cameras to record pretrial detainees in courtroom holding cell toilets." *Id.*

Finally, *Brooks* discussed the accepted practices of fingerprinting pretrial detainees as well as DNA collection by buccal swab for the purposes of identification, neither of which violates the Fourth Amendment. *See id*. (quoting *Maryland v. King*, 569 U.S. 435, 459 (2013) ("The additional intrusion upon the arrestee's privacy beyond that associated with fingerprinting is not significant[.]"). *Brooks* likened the facial biometric scans to fingerprinting and DNA collection by buccal swab and reiterated that the defendants did not violate the plaintiff's Fourth Amendment rights, given the previously stated considerations.

The court finds the reasoning of *Brooks* persuasive, and, given closely related allegations, determines that Mr. Jones has failed to state a Fourth Amendment claim. Furthermore, although in *Brooks* the plaintiff underwent biometric scanning only twice, as opposed to multiple scans and attempts to scan in Mr. Jones's case, this difference does

not warrant a different outcome. According to Mr. Jones's allegations, the defendants conduct face verification for roll call, meal passes, security checks, commissary passes, and other routine procedures. ECF 11 at 4. Face verification confirms the subject's face against a preset digital image of his face, similar to how facial recognition may unlock a phone or get access to secured accounts. Such measures within a setting of a jail do not violate the privacy expectations "that society is prepared to recognize as reasonable." *Henry*, 969 F.3d at 777 (quotations omitted).

The court further agrees with *Brooks* that, "even if the defendants did violate [Jones's] Fourth Amendment rights against unreasonable searches, to the extent that [he] is seeking monetary damages, the defendants are entitled to qualified immunity." *Id.* Simply put, there's no controlling case law holding that, under the circumstances alleged by Mr. Jones, a defendant violated the Fourth Amendment. *See Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (to overcome a qualified immunity defense, "a plaintiff must show the deprivation of a constitutional right, and must also show that the right was clearly established at the time of the violation"). Therefore, he cannot prevail on his Fourth Amendment claim.

Next, Mr. Jones alleges that the defendants violated his rights when, after he refused to submit to facial scans, the defendants punished him by placing him on twenty-four-hour lockdowns. While in lockdown, Mr. Jones had no visitation privileges and no access to the law library. Nor could he use a phone and his tablet was taken away. He was also denied meal passes and access to commissary.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. Under the Fourteenth Amendment, a pretrial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

"A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). "[D]ue process requires that he receive advance written notice of the charges, the chance to present testimony and documentary evidence to an impartial decisionmaker, and a written explanation, supported by at least 'some evidence' in the record, for any disciplinary action taken." *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Mr. Jones has plausibly alleged facts from which it can reasonably be inferred that the following defendants ignored these safeguards when they punished him after he refused their attempts to conduct the biometric face scans, thereby violating the Fourteenth Amendment: Smith,

Smith #1636, G. Smith, Sharp #1655, Esterline #1553, Mata, Cartright, J. Harris, Hare, and Daque.[1]

As to these defendants, Jones may seek nominal and punitive damages for any proven due process violation. He does not allege that being in lockdown caused him any physical injury, so the Prisoner Litigation Reform Act does not allow him to recover compensatory damages. *See Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012) ("Because 'no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury,' 42 U.S.C. § 1997e(e), a prisoner cannot obtain compensatory damages without proving a physical injury."). Mr. Jones's potential recovery is limited to one dollar, *see Carey v. Piphus*, 435 U.S. 247, 267 (1978) (defining nominal damages as damages "not to exceed one dollar"), plus punitive damages if he can show "the defendant's conduct is . . . motivated by evil motive or intent, or . . . it involves reckless or callous indifference to the federally protected rights of others," *Smith v. Wade*, 461 U.S. 30, 56 (1983).

In the caption of this case, Mr. Jones named thirty-one defendants, but apart from the ten defendants against whom the court is authorizing this case to proceed, the second amended complaint does not indicate what the remaining defendants did or failed to do to violate his constitutional rights. Under 42 U.S.C. § 1983, "[o]nly persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir.

---

[1] In the body of the second amended complaint, Mr. Jones included several officers who are not named in his list of the defendants.

2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The amended complaint does not state a claim against the remaining defendants.

Mr. Jones also sued five "unknown" defendants. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Dave*l, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). If Mr. Jones can identify these defendants through discovery or otherwise, he may file an amended complaint, but for now they will be dismissed.

Finally, Mr. Jones filed a motion asking the court to order the jail to protect his biometric identity. ECF 5 at 2. He is concerned that his biometric identifiers could be compromised, which would affect him "forever." *Id.* Mr. Jones has not stated a Fourth Amendment claim, so he has no grounds on which to restrain the defendants from conducting the biometric scans of his face. Moreover, Mr. Jones cannot pursue a claim based on speculation that his biometric identifiers could become compromised in the future. Mr. Jones has not alleged any facts suggesting that his biometric data is unsafe, or that the risk of breach of this data is "both 'substantial' and likely to materialize "in the near future." *Arcidiacono v. Whitehorn*, 178 F.4th 338, 344 (7th Cir. 2026) (quoting *Murthy v. Missouri*, 603 U.S. 43, 58 (2024)). "Allegations of future injury founded on nothing more than conjecture or hypothesis do not suffice." *Id*. Therefore, the court will deny Mr. Jones's motion (ECF 5).

For these reasons, the court:

(1) GRANTS Brandon L. Jones leave to proceed against Smith, Smith #1636, G. Smith, Sharp #1655, Esterline #1553, Mata, Cartright, J. Harris, Hare, and Daque in their individual capacities for nominal and punitive damages for punishing him, without due process in violation of the Fourteenth Amendment, after he refused to undergo biometric facial scans at the Allen County Jail between September 22, 2025, and April 18, 2026;

(2) DISMISSES all other claims;

(3) DISMISSES the following defendants: Cpt. Sickafoose, Lt. Wacassey, Sgt. Sherrwood, Nevenschwander, Mathis, Miller, I. Nicholas, Sherriff Tim Hershberger, All unknown Shift Commanders, Write #1530, Thomas, Calloway, Bostic, Trausle, All unknown Commanders, Henderson, Friend, Holmes, Evans, Maggart, T. Taylor, Marly, Evans, and Wilson;

(4) DENIES Brandon L. Jones's motion seeking to protect his biometric identity (ECF 5);

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Smith, Smith #1636, G. Smith, Sharp #1655, Esterline #1553, Mata, Cartright, J. Harris, Hare, and Daque at the Allen County Jail, with a copy of this order and the second amended complaint (ECF 11);

(6) ORDERS Allen County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Smith, Smith #1636, G. Smith, Sharp #1655, Esterline #1553, Mata, Cartright, J. Harris, Hare, and Daque to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

September 24, 2026

*s/ Damon R. Leichty*
Judge, United States District Court